Chief Justice Robertson
delivered the Opinion of the Court.
This is ail action of detinue, brought, in the year 1830^ Allison against Tanner, for a slave named Edmund:, on the trial of which, upon the general issue, a verdict and judgment were obtained by the plaintiff. And the only question we shall consider, is, whether the Circuit Judge erred, in rejecting evidence offered by the defendant, for the purpose of showing that the title and right, of possession were in a stranger.
After Allison had proved, that one Rucker had, in 1822, bought Edmund and another slave ata sheriff’s sale, under a fieri facias, on a decree of the Woodford Circuit Court, against Mrs. Tanner, as the executrix of' the will of the appellant’s father, and had sold Edmund. *423 to him (Allison,) in 1826; and also, that Joseph Tanner, the appellant, had, but a short time before the institution of this suit, secretly taken Edmund from his (Allison’s) possession — the appellant proved, that his father died, in the year 1812, in the then Territory of Missouri, where, at the time of his death, he was domiciled, and offered to read records from Missouri, to prove that the persons nominated as executrix and executors of his will, having neglected to qualify as such, in Missouri, James Tanner had been duly appointed an administrator, cum testamento; and also offered to prove, among other things, that Rucker had, for about forty dollars, bought the two slaves, at the sheriff’s sale, for Mrs. Tanner, the defendant in the execution, and with her money, and had, fraudulently procured the bill of sale to be made to himself; but that she had afterwards retained the undisturbed possession of Edmund, and was recognised as the owner by Rucker himself,, until sometime in 1826, when he, by some secret and unauthorized means, got the possession of him, and, without her consent, carried him to Tennessee, and there sold him to Mlison.
A man dies in Missouri; his widow is qualified as ex’x of his will,in this state. On a trial involving the right to one ofhis slaves, a record from Missouri is offered, to prove that, ‘the executors named in the will, having neglected to qualify, a son of the testator was there appointed adm’r with the will annexed:’ in the absence of proof as to ‘where the testator’s pro-the time of his death,* the presumption is in favor of the jurisdiction < aaid there was no error in rejecting the Missouri record, as irrelevant. perty was at f the court here;
But the Circuit Court would not permit any evidence to be given of any of these facts; and that refusal presents the only question now to be considered.
Upon the facts, as they are exhibited, and even as proposed to be proved, this Court is not able to determine whether Mrs. Tanner should be deemed to have been executrix de jure, and, in that character, entitled to the possession and• disposition of Edmund, or whether James Tanner, as administrator with the will annexed, if he was such administrator, had the exclusive right to dispose of him: because, as it does not appear, where the testator’s estate was at the time of his death, we cannot decide whether the court of probate of the place of his death and domicil, or the County Court of this state, in ' which his widow was qualified as executrix, had jurisdiction. And therefore, as it does not appear that the court in which the executrix wras qualified, had no jurisdiction, wo cannot decide that there was error *424 in the rejection of the Missouri record; for if, as must he presumed, in the absence of proof to the contrary, the court in which Mrs. Tanner was qualified had jurisdiction, and if, as executrix, she had a right to the possession of Edmund, the record from Missouri could have had no legal effect in this case.
In detumeortrovor, plt’f must show that, when the property was detained, or converted, he had some title to it— general or special; but as mere possession is prima facie evidence of title, he may rely upon that, in the absence of any proof to the contrary. Evidence, however, is admissible to show that the title was then in a stranger; and if it appears that plaintiff had neither title, nor right of possession, ho must '-fail in his action.
But if Mrs. Tanner was executrix, or if the sale, under the decree against her, passed the title on any other ground, — still the parol evidence which was rejected? tended to show that the title, passed by that sale to her, in her individual right, and that she had retained the possession until within less than five years antecedent to the commencement of this suit, or to the caption by the appellant; and if these facts be admitted, the appellee had no title. And therefore, in this view, the rejected testimony was important, and admissible. To entitle a plaintiff to recover in detinue or trover, he must prove that, at the timo of the alleged detention or conversion, he had title, either general or special. As proof of actual possession is prima facie evidence of title, that alone may be sufficient against a wrong doer, in the absence of any fact rebutting the inference of title in the plaintiff, from the fact of his prior possession. But it is evident, that a plaintiff without right cannot have sustained any injury, and that therefore, when it is shown that he has no right, the defendant should not be compelled to pay him damages? even for a tortious conversion or detention; and more especially, as the true owner may recover damages again, for the same tortious act.
And hence, it is well settled, that, in detinue or trover, the defendant may prove that the plaintiff had no right of property or of possession, at the time of the detention or conversion complained of, but that the entire right was in a stranger — Fontaine vs. The Phœnix Ins. Co. 11 Johnson's Reports 300;—Kennedy vs. Strong, 14 Ib. 131;—Schermerhorn vs. Van Valkenburgh, 11 Ib. 529;—Hoyt vs. Gibson, Ib. 150;— Stratton vs. Minnis, 2 Munf. Va. Reps. 329; 2 Phillips on Ev. 121—3 Starkie on Ev. 1489, 1503.
And were this not the true doctrine of the law, that rule would be false which vests the property in the de *425 fendant on payment'of the assessed damages; for no better title than that which the plaintiff had could be transferred to the defendant by operation of law; and the plaintiff having no title, the defendant could, by paying the damages, acquire none; and therefore, were there no other reason, he may defeat the plaintiff’s1 aetion, by proving that he has no right.
Wherefore, as the rejected facts conduced strongly to prove that the appellee had no right to Edmund, the Circuit Court erred in refusing to permit the appellant to prove them.
Judgment therefore reversed, and cause remanded for a new trial.